UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:04-cr-41-T-23MAP
     8:11-cv-304-T-23MAP

OSCAR MOLINA
_____/

**O R D E R**

Molina moves to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his 180-month sentence for being a felon in possession of a firearm. Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [the defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Molina's motion is time-barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition."), and Jackson v. Sec'y, Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to sua sponte question the timeliness of a petition for the writ of habeas corpus). Molina had one year to file his motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. The circuit court dismissed Molina's direct appeal in 2005. (Doc. 79 in 8:04-cr-41-T-23MAP) For purposes of calculating the one-year statute of limitation, the conviction was final in December, 2005, which includes the ninety days allowed for filing a petition for the writ of certiorari. See Clay v. United States, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.") (emphasis original). Consequently, Molina's limitation expired one year later in December, 2006. Molina's 2011 motion to vacate is more than four years late.

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk shall enter a judgment against Molina and close this action.

ORDERED in Tampa, Florida, on February 17, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE